**FEDERAL DEPOSIT INSURANCE
CORPORATION, in its corporate
capacity, Plaintiff,**

v.

**Said HADDAD, James McMullin,
et al., Defendants.**

**No. 90–0779–CIV.**

United States District Court,
S.D. Florida.

June 14, 1993.

---

Juan A. Gonzalez, Esq. & J. Randolph Liebler, Haley, Sinagra & Perez, P.A., Miami, FL, for plaintiff.

Neal L. Sandberg, Simon, Schindler & Sandberg, Miami, FL, for Martin Schwartz.

Ana T. Barnett, Stearns, Weaver, Miller, Weissler Alhadeff & Sitterson, Miami, FL, for Said Haddad.

Sidney T. Brodie, Miami, FL, for Ramon C. Sanchez.

Craig R. Dearr, Miami, FL, for Jorge N. Carvallo.

David M. Garvin, Miami, FL, for de Cardenas.

Alan K. Fertel, Ferrell, Fertel, Rodriguez & Mishael, Miami, FL, for Carlos Sanchez.

James M. Saunders, Mays & Valentine, P.A., Arlington, VA, for James H. McMullin.

Frank X. Gliozzo, Coral Gables, FL, for Cayetano Midolo.

### ORDER ADOPTING REPORT AND RECOMMENDATION

ATKINS, Senior District Judge.

THIS CAUSE comes before the court on a Report and Recommendation (R & R) of the Honorable Magistrate Judge Linnea R. Johnson (d.e. 444). The R & R recommends that plaintiff FDIC's Motion to Strike Affirmative Defenses (d.e. 227) be denied.

The issue before this Court is whether the Federal Deposit Insurance Corporation's (FDIC) claims of negligence and breach of fiduciary duty based upon Florida law against the directors and officers of a failed trust are matters of federal common law, thus requiring this Court to strike any affirmative defenses based on state statutory provisions and state common law. For the reasons stated forth herein, the Court answers the question in the negative and adopts the R & R.

The facts of this case are succinctly set forth in the R & R. The Trust Bank was organized under the laws of Florida and conducted business in Dade County from June 15, 1985, to January 29, 1988, at which time it was declared insolvent. Thereafter, in accordance with Fla.Stat. §§ 658.79 and 658.80, the FDIC was appointed as liquidator of the bank. Simultaneously, the Eleventh Judicial Circuit in and for Dade County confirmed the appointment and approved the sale of a portion of the bank's assets to another bank.

Thereafter, the FDIC filed this action to receive damages for losses caused by Trust Bank during the time that defendants held various positions as officers and/or directors of the bank. Of the five claims originally asserted, two survive—negligence (Count I) and breach of fiduciary duty (Count II). In response, defendants assert certain affirmative defenses based on state statutory provisions and state common law. FDIC argues these defenses should be stricken because they are preempted by federal common law which controls the duties of defendants in this action.

In response to the FDIC's claims of negligence and breach of fiduciary duty, defendants assert various affirmative defenses.[1] However, the FDIC asserts that defendants' state law affirmative defenses should be stricken because they are preempted by federal common law. The FDIC contends that federal law governs defendants' duties and the internal affairs of state-chartered federally insured banks, not state law.[2] Moreover, the FDIC argues that this rule applies to the **state chartered** Trust Bank because it was federally insured, federally regulated and declared insolvent under federal laws and regulations.

Plaintiff cites two reasons why *U.S. v. Kimbell Foods*, 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1978), mandates application of a simple negligence standard to officers and directors of federally insured thrifts, as a matter of federal common law. First, federal law applies when the question involves the rights of the U.S. under nationwide federal programs. *Id.* at 726, 99 S.Ct. at 1457. Here, suits by the FDIC against officers of failed institutions involve the rights of the United States under the nationwide federal FDIC program. Second, the court should determine the content of federal law in this case. *Id.* at 727–728, 99 S.Ct. at 1457–58[3] *Kimbell* provides three factors in this inquiry: the need for uniformity; frustration of specific federal objectives; and disruption of settled commercial expectations predicated upon state law. *Id.* at 728–729, 99 S.Ct. at 1458–59. Since all of these are present in this case, the FDIC argues that federal common law should be the federal rule of decision.

**1.** These defenses include: 1) failure to state a cause of action for simple negligence due to Florida's director insulating statute; 2) Florida's statutory limitation on joint and several liability; 3) the business judgment rule; 4) right of a director to rely upon advice of others; and 5) Florida's common law indemnification (from the FDIC) and/or the right to indemnification for corporate acts.

**2.** *See* the following cases where FDIC's rights could not be defeated by state law: *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956, *reh'g denied*, 315 U.S. 830, 62 S.Ct. 910, 86 L.Ed. 1224 (1942) (FDIC's right to recover on claims and secret agreements); *Deitrick v. Greaney*, 309 U.S. 190, 60 S.Ct. 480, 84 L.Ed. 694, *reh'g denied*, 309 U.S. 697, 60 S.Ct. 611, 84 L.Ed. 1036 (1940) (FDIC's rights to recover on a promissory note and sham); *FDIC v. Bank of Boulder*, 911 F.2d 1466 (10th Cir.1990), *cert. denied*, 499 U.S. 904, 111 S.Ct. 1103, 113 L.Ed.2d 213 (1991) (FDIC's rights to enforce a letter of credit and assignment of letters of cred-

it); *FDIC v. Blue Rock Shopping Center*, 766 F.2d 744 (3d Cir.1985) (FDIC's rights to recover a debt and the U.C.C.); *FDIC v. Wood*, 758 F.2d 156 (6th Cir.1985), *cert. denied*, 474 U.S. 944, 106 S.Ct. 308, 88 L.Ed.2d 286 (1985) (FDIC's rights to recover interest on a note and usury laws); *FDIC v. Gulf Life Ins. Co.*, 737 F.2d 1513, *reh'g denied, en banc* 749 F.2d 733 (11th Cir. 1984) (FDIC's rights to recover unearned premiums and waiver, estoppel and unjust enrichment); and *Gunter v. Hutcheson*, 674 F.2d 862 (11th Cir.1982), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982) (FDIC's rights to recover on a note and fraud).

**3.** Plaintiff argues that 12 U.S.C. § 1819(b)(2)(A), which states that all civil suits to which the FDIC is a party "shall be deemed to arise under the laws of the United States," is determinative as to whether federal law applies. However, section 1819 is a jurisdictional statute and only refers to the "arising under" clause of Article III, section 2 to confer original jurisdiction in federal courts.

The FDIC contends that the specific defenses based on allegations that the FDIC negligently supervised The Trust Bank as a bank regulator and failed to mitigate damages in the collection of loans are insufficient as a matter of law. Additionally, the FDIC argues that defendants' claims that the FDIC is barred by the defenses of waiver and estoppel must be stricken for several reasons. First, the FDIC owes a duty to defendants neither through its regulatory activities nor for its post-closing activities. *FDIC v. Oakes,* No. 89–2261–S, slip op. at 3–4 (D.Kan. Nov. 3, 1989). Moreover, the FDIC owes no duty to former officers and directors to mitigate damages. *FSLIC v. Roy,* No. JFM–87–1227, 1988 WL 96570 (D.Md. June 28, 1988). Finally, the FDIC, as assignee, is not subject to defenses based on its acts as liquidator prior to the assignment.[4]

The FDIC further claims that defenses rejected in the Court's denial of defendants' Motions to Dismiss should be stricken. In defendants' Motions to Dismiss they asserted that 12 U.S.C. § 1821(k) preempted other common law duties of officers and directors. That contention was rejected by the Court, thus, the FDIC argues that any attempt to raise this as a defense should be stricken.

Finally, the FDIC contends that the statute of limitations defense raised by each defendant should be stricken. United States Code Title 12, section 1821(d), subjects the FDIC to a three-year limitation for tort claims. The statute begins to run upon the appointment of the FDIC as a receiver. The Trust Bank failed in 1988 and the cause was filed in 1989. Therefore, the three-year statute of limitation had not run to preclude suit.

Defendants respond to the Motion to Strike stating that the FDIC's claims have been reduced from five to two—negligence (count I) and breach of fiduciary duty (count

II). These two remaining claims are founded under state law. (Defendant McMullin's Memorandum in Opposition to FDIC's Motion To Strike Affirmative Defenses). The FDIC cannot sue under state law causes of action claiming that they are federal common law. *Id.* Previously, the FDIC argued that the federal Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) **did not** preempt its two state law claims. The FDIC cannot turn an about face in this court and **now** state that FIRREA **does** allow preemption of defendants' state law defenses.

The FDIC does not receive a special priority in this matter. In *FDIC v. Jenkins,* 888 F.2d 1537 (11th Cir.1989), the Eleventh Circuit declined to create a federal common law rule to prefer the claims of the FDIC because the Federal Deposit Insurance Act does not compel the FDIC to pursue claims to restore the deposit insurance fund. In the case at bar, the FDIC argued that counts I and II state causes of action under Florida Law which are not preempted by FIRREA.[5] The Court rejected defendant McMullin's preemption argument and accepted counts I and II.[6]

Defendants claim that the only source of law for the FDIC's claims is Florida law. The FDIC relies on case law from 1891 and 1938 to support the proposition that there is no federal common law negligence or breach of fiduciary duty. Since then, no distinctly federal common law source has been created incident to the creation of the Federal Insurance System. *Jenkins* states that "[w]hen the FDIC is acting in its corporate capacity ... it is subject to federal common law." *Jenkins,* 888 F.2d at 1545 n. 14. Nevertheless, *Jenkins* declined to fashion an appropriate federal common law rule and compels this Court to refuse FDIC's invitation to create a federal common law rule through

---

4. Defendant "cannot assert defense against FDIC as assignee based on actions taken by FDIC in its corporate capacity prior to the assignment." *FDIC v. Manatt,* 723 F.Supp. 99, 105 (E.D.Ark. 1989).

5. *See* FDIC's Memorandum in Opposition to McMullin's Motion to Dismiss (d.e. 57) and Motion to Dismiss (d.e. 36 & 39).

6. *See* Omnibus Report and Recommendation (d.e. 100) at 15–16 and this Court's subsequent adoption of the Report and Recommendation in the Order Adopting In Full Omnibus Report and Recommendation (d.e. 188).

the reasoning of *Kimbell*. The only reason why FDIC argues this point is because the Sixth Circuit in *Gaff v. FDIC*, 919 F.2d 384, 391 (6th Cir.1990), *modified on other grounds*, 933 F.2d 400 (6th Cir.1991), created the very federal common law rule that the Eleventh Circuit refused to create in *Jenkins*.

In *Gaff*, a stockholder sued former officers and directors of a failed bank asserting both derivative and direct action under state law. The FDIC intervened and moved to dismiss Gaff's derivative claims because it was pursuing the Bank's rights against those individuals. The district court granted the Motion and dismissed with prejudice Gaff's pendent state direct claims for breach of fiduciary duty. The issue before the Sixth Circuit was whether the legal issues concerning the ownership, priority and adjustment of claims by stockholders were governed under state law or was the law preempted by a federal common law of uniform application when the FDIC takes over an insolvent bank. Using the two part test from *Kimbell*, the court held that "federal law governs [this] case and that a federal rule of law is required to decide it." *Gaff*, 919 F.2d at 390. Consequently, the court formulated a substantive rule of federal common law and concluded that "[i]n actions against the officers and directors of a defunct bank, the FDIC should receive a priority over the claims of stockholders." *Id.* at 396.

Defendants assert that the FDIC is subject to affirmative defenses under Florida law. However, the FDIC argues that it must first owe a duty to defendants before the defenses of waiver, estoppel and assumption of the risk are allowed. Defendants claim that this is not true. If the FDIC acted in a way to harm itself, or which contributed to the loss, then defendants are permitted to assert such a claim as a defense. (Defendant McMullin's Memorandum in Opposition to FDIC's Motion To Strike Affirmative Defenses at 16). Moreover, Florida courts have rejected the FDIC's contention that affirmative defenses are always barred.

For example, in *Jenkins*, the Eleventh Circuit refused to create a federal common law rule for the special benefit of the FDIC. There, the court used words indicating that the FDIC was seeking to gain a special, protected status that would make it immune from defenses. *See FDIC v. Cherry, Bekaert & Holland*, 742 F.Supp. 612, 613 (M.D.Fla. 1990) ("when the FDIC appears in a lawsuit in a 'normal commercial context' there is no reason to relieve FDIC from the operation of state law"). Such a result would be inconsistent with established case law and speculative of Congressional intent.[7]

The **district** courts that have considered the question of preemption are split, but a clear majority agree with the FDIC's interpretation. *See FDIC v. Canfield*, 967 F.2d 443, 446 n. 3 (10th Cir.) **(en banc)**, *cert. dismissed*, —— U.S. ——, 113 S.Ct. 516, 121 L.Ed.2d 527 (1992). However, two circuit courts have addressed this issue directly: *FDIC v. McSweeney*, 976 F.2d 532 (9th Cir. 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2440, 124 L.Ed.2d 658 (1993) and *Canfield*. *Canfield* was the first court of appeals to directly address the scope of section 1821(k).[8] There, the FDIC brought an action in its corporate capacity against the officers and directors of a failed bank and trust company for negligent management of the institution. *Canfield*, 967 F.2d at 444. The district court granted defendants' Motion to Dismiss because it found that section 1821(k) preempted state law. Therefore, suits grounded in simple negligence were prohibited. *Id.* On appeal, the Tenth Circuit reversed holding that the decision was "contrary to the plain language of section 1821(k)." *Id.* at 445. Finally, an **en banc** panel of the Tenth Circuit affirmed the circuit court's decision. *Id.*

In *Canfield*, the FDIC argued that section 1821(k) preempted state law and limited FDIC's ability to pursue recovery only where it could demonstrate gross negligence. *Id.* Therefore, an action in simple negligence was barred. This meant that the statute preempted only those state laws requiring a

---

7. In *Cherry*, the court upheld the defendant directors' state law affirmative defenses.

8. The court distinguished *Gaff v. FDIC*, 919 F.2d at 391, because the Sixth Circuit did not directly address section 1821(k)'s preemption of state law.

higher degree of culpability than gross negligence, i.e., recklessness or intentional misconduct. *Id.* However, when the court parsed section 1821(k), it stated that the first sentence authorized the FDIC to bring a suit for gross negligence even where the state law limited actions against officers and directors to *intentional* misconduct.[9] *Id.* at 446. The court rejected FDIC's construction of section 1821(k) stating that the FDIC interpretation "would require [them] to insert a word into the statute, and [they] decline to do so." *Id.*

The second and last sentence in section 1821(k) reads: "[n]othing in this paragraph shall impair or affect any right of the Corporation under other applicable law." 12 U.S.C. § 1821(k). The *Canfield* court interpreted the phrase "other applicable law" to mean "*all* other applicable law," declaring that neither federal **nor state** law was impaired by this section. *Id.* When rejecting FDIC's argument that the statute only provided for a single gross negligence standard of liability, the court said that "[t]he statute's reliance on state law for its definition of gross negligence directly refutes the proposition that FIRREA establishes a national standard of liability for officers or directors." *Id.* at 447. The court concluded that section 1821(k) acts as a limitation upon the ability of the states to insulate officers and directors from liability. *Id.*

The only other circuit court to address this exact issue is the Ninth Circuit in *FDIC v. McSweeney*, 976 F.2d 532 (9th Cir.1992). In *McSweeney*, the Ninth Circuit considered the question of whether FIRREA sets gross negligence as the uniform standard for director or officer liability and thus preempts the FDIC's state claims against the directors alleging a lesser degree of fault. There, the FDIC sued former officers and directors of a failed savings and loan association for breach of fiduciary duties. The officers contended that they could not be held liable for simple negligence because FIRREA established gross negligence as a national uniform stan-

dard of liability. Thus, the FDIC alleged that any state remedies predicated on a lesser degree of fault were preempted. *McSweeney*, 976 F.2d at 536. The court noted that the Sixth Circuit's decision in *Gaff*, did not address the precise issue presented in both *Canfield* and *McSweeney*. The issue in *Gaff* was whether federal law preempted state law regarding ownership and priority of stockholders' claims against an insolvent bank or its officers or directors after the FDIC had taken over the bank. *McSweeney*, 976 F.2d at 537 n. 4. In *McSweeney*, the Ninth Circuit distinguished *Gaff* for two reasons. First, the Sixth Circuit did not address the standard of care applicable to director/officer liability. Second, the interpretation of section 1821(k) was not in issue. *Id.* Therefore, the court concluded that *Gaff* was not persuasive in resolving the issue of whether state law claims premised on lesser culpability were preempted by FIRREA. *Id.* at 537. Consequently, the Ninth Circuit adopted the analysis of the court in *Canfield* and held that there was no limitation in the language of section 1821(k) to preclude the FDIC from seeking remedies available under state law. *Id.* at 538.

This Court agrees that the Sixth Circuit's decision in *Gaff* is unpersuasive as authority on the instant issue. Therefore, under the analysis of *McSweeney* and *Canfield*, the FDIC's claim that defendants' state law affirmative defenses should be stricken because federal common law preempts state law is untenable. This Court permitted the FDIC's state law claims of negligence and breach of fiduciary duty to stand and, therefore, the next inquiry is whether defendants' defenses are proper.

"Under FIRREA, the FDIC stands in the shoes of the failed financial institution and its stockholders for purposes of pursuing claims against the institution's officials." *Id.* As such, the FDIC as an assignee, "takes the assignment subject to any defenses the obligor could raise against the assignor." *Cher-*

---

**9.** The first sentence provides that "[a] director or officer of an insured depository institution *may* be held personally liable for monetary damages ... for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable State law." 12 U.S.C. § 1821(k) (emphasis added).

*ry,* 742 F.Supp. at 615. Therefore, all Florida law defenses which defendants may have against FDIC's claims are permitted. As the *Jenkins* and *Cherry* courts found, "when the FDIC appears in a lawsuit in a 'normal, commercial context,' there [is] no reason to relieve the FDIC from the operation of state law." *Cherry,* 742 F.Supp. at 613.

Also, "preexisting statutory or common law rights or **defenses** are not displaced by federal enactment" absent a clear congressional statement. *McSweeney,* 976 F.2d at 538 (emphasis added). Since Florida law provides that there *is* a right to sue corporate directors and officers for negligent breach of their fiduciary duty, this Court has allowed the FDIC to bring its action under those claims. Coinciding with that right is defendants' right to defend themselves with whatever arsenal the law of the State of Florida provides.

### CONCLUSION

Upon independent review of the record, including relevant case law and the objection to the R & R, it is

ORDERED AND ADJUDGED that the R & R (d.e. 444) is **ADOPTED** for the reasons set forth herein. Consequently, it is

ORDERED AND ADJUDGED that plaintiff FDIC's Motion to Strike Affirmative Defenses (d.e. 227) is **DENIED.**

DONE AND ORDERED.